IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**BRUCE JEFFERS**  **PLAINTIFF**
Reg. No. 13379-029

v.　　　　　　　　　No: 2:20-cv-00089 BSM-PSH

**UNITED STATES OF AMERICA**　　　　　　　**DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff Bruce Jeffers, a federal inmate incarcerated at the Forrest City Low Federal Correctional Institution (the "Forrest City FCI"), filed this action on May 4, 2020, asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 (Doc. No. 1). Jeffers alleges that while participating in a

program designed to teach prisoners the basics of furniture making, a piece of wood hit him in the face. *Id*. at 2-3. Jeffers alleges that the Bureau of Prisons ("BOP") was negligent in its duty to provide a safe working or training environment and that he suffered permanent injuries from being hit with the piece of wood. *Id*. at 4.

Defendant United States of America ("USA") moved to dismiss Jeffers' claims for lack of subject matter jurisdiction, and Jeffers filed responsive pleadings. Doc. Nos. 9, 10, 12, & 14. For the reasons stated herein, the Court recommends that the USA's motion be granted, and this case be dismissed.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires the Court to dismiss any and all claims over which it lacks subject matter jurisdiction. Under Rule 12(b)(1), subject matter jurisdiction can be challenged by either a facial attack or a factual attack. *Osborn v. U.S.*, 918 F.2d 724, 729 (8th Cir. 1990). A facial attack challenges subject matter jurisdiction based solely on the allegations appearing on the face of the complaint. *Id.* A factual attack is dependent upon the resolution of facts to determine whether subject matter jurisdiction exists. *Id.* at 730. The Court may consider matters outside the pleadings to determine whether subject matter jurisdiction exists. *See Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637, n.4 (8th Cir. 2003). The plaintiff has the burden of proving jurisdiction by a preponderance

of the evidence. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007).

### III. Complaint Allegations

In his complaint, Jeffers alleges that the BOP was negligent in its duty to provide a safe working environment. Doc. No. 1 at 4. He alleges that during the course of a training program in which he was participating, he was struck in the face by a piece of wood. *Id*. at 3. Jeffers claims that the piece of wood struck his face because of an unauthorized modification to the safety features of a table saw that he was using. *Id*. at 2-3.

Jeffers further claims that if the safety device had not been modified, the piece of wood would have been prevented from hitting him in the face. *Id*. According to Jeffers, he went to the prison medical clinic and received care after his injury, but he remains in pain and suffers from dizziness and blurred vision. *Id*. at 3. Jeffers states that as a result of the BOP employees' negligence as well as a several month delay in his treatment, he now has "a permanent injury and disability." *Id*.

### IV. Analysis

Jeffers brings an FTCA claim for negligence based on the modification of the workplace table saw and a failure to render health care in a timely manner.[1] Doc.

---

[1] In his most recent reply (Doc. No. 14), Jeffers claims for the first time that he seeks relief from conditions that violate the Eighth Amendment of the U.S. Constitution. To assert a claim under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,*

No. 1 at 4-5. The USA correctly argues that because Jeffers' claims fall outside the ambit of the FTCA, the Court lacks subject matter jurisdiction over his lawsuit.

Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). Sovereign immunity is jurisdictional in nature, *Meyer*, 510 U.S. at 475, and the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit," *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA is a limited waiver of sovereign immunity and permits lawsuits against the United States "for injury or loss of property, or personal injury or death" caused by the negligence "of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. §§ 1346(b)(1), 2679(b)(1).

The exclusive statutory remedy for a prisoner's workplace injuries is the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126; 28 CFR §

---

403 U.S. 388 (1971) ("*Bivens*"), Jeffers must first move to amend his complaint and attach a copy of his proposed amended complaint. He must also sue the individuals responsible for the alleged constitutional violations and describe their personal involvement in those violations. A *Bivens* cause of action is available only against a federal employee in his or her personal capacity; *Bivens* claims brought against the United States of America, federal agencies, and federal employees in their official capacity are barred by sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998).

301.319.[2] *See Sturgeon v. Federal Prison Industries*, 608 F.2d 1153, 1154 (8th Cir. 1979) (citing *United States v. Demko*, 385 U.S. 149 (1966)). In *Koprowski v. Baker*, 822 F.3d 248, the Sixth Circuit Court of Appeals explained:

> In *United States v. Demko,* 385 U.S. 149, 153, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966), the Court "accept[ed] the prison compensation law as an adequate substitute for a system of recovery by common-law torts," and held that prison workers' exclusive remedy for common-law torts was the IACA. As such, the IACA displaced any other common-law tort claims that could be brought against the United States under the Federal Tort Claims Act, which otherwise allows for such claims. *Id.* In coming to this conclusion, the Court recognized that workers compensation schemes (such as the IACA) "were the offspring of a desire to give injured workers a quicker and more certain recovery than can be obtained from tort suits *based on negligence* and *subject to common-law defenses* to such suits." *Id.* at 151, 87 S.Ct. 382 (emphasis added). Because the IACA and the FTCA protect against the same sort of harm, the IACA displaces the FTCA. *Id.* at 152–53, 87 S.Ct. 382; *see also Vaccaro,* 81 F.3d at 857.

822 F.3d at 253-254.

The IACA bars Jeffers' FTCA claims for negligence based on modification of the workplace saw and the medical treatment he received after he was injured. 28 C.F.R. § 301.301; *Thompson v. United States*, 495 F.2d 192, 193 (5th Cir. 1974);

---

[2] Four Circuit Courts of Appeals have determined that the IACA does not preempt a suit under *Bivens* for violations of constitutional rights. *See Smith v. United States,* 561 F.3d 1090 (10th Cir. 2009); *Bagola v. Kindt,* 131 F.3d 632 (7th Cir.1997); *Vaccaro v. Dobre,* 81 F.3d 854 (9th Cir. 1996); *Koprowski v. Baker*, 822 F.3d 248, 250 (6th Cir. 2016).

*see also Vander v. United States Dep't of Justice*, 268 F. 3d 661, 663-64 (9th Cir. 2001); *Wooten v. United States*, 825 F. 2d 1039, 1044 (6th Cir. 1987).

The IACA provides an administrative remedy scheme that allows an injured inmate to seek compensation for a physical impairment that still exists when the prisoner is released. 28 C.F.R. § 301.301. These regulations specifically state that, "[n]o more than 45 days prior to the date of an inmate's release, but no less than 15 days prior to [his release] date," the inmate should submit a form for compensation of any work-related injury. 28 C.F.R. § 301.301. A determination of an IACA claim is first made by an examiner; if the former inmate is unsatisfied, he may seek an evidentiary hearing before an Inmate Accident Compensation Committee and then may further appeal to the Chief Operating Officer of the federal prison system.[3] *See* 28 C.F.R. §§ 301.303–.315.

In his response to the USA's motion to dismiss, Jeffers acknowledges that he was injured while working,[4] but states that his claims are "not a simple work comp

---

[3] Although IACA claims are not initially filed in federal court, review of an IACA decision may be brought under the Administrative Procedure Act (APA) for judicial review of the administrative decision. *See Drummond v. U.S. Atty. Gen.*, 37 F.3d 1503 (8th Cir. 1994).

[4] Jeffers initially stated he was injured in a UNICOR training program to learn furniture making. *See* Doc. No. 1 at 2. In his response to the USA's motion to dismiss, he agreed "he was working a factory job at the time of being hurt, . . . ." Doc. No. 12 at 2. Jeffers does not assert that his work was not subject to the IACA because it was educational instead of "work-related." *Compare Batista v. United States,* No. CV 16-794 (PJS/DTS), 2017 WL 3190648, at *6 (D. Minn. June 9, 2017), *report and recommendation adopted*, No. CV 16-794 (PJS/DTS), 2017 WL 3190563 (D. Minn. July

accident." Doc. No. 12 at 2. Jeffers insists that he asserts tort claims of negligence, wantonness, fraud and misrepresentation, and deceit. *Id.* Jeffers alleges that BOP employees knowingly put inmates at risk, ignored safety requirements, did not follow OSHA guidelines, did not train supervisors or workers, knowingly had faulty machines, falsified records, and disconnected or overrode safety devices.[5] *Id*. However, his claims admittedly arose from a workplace incident, and case law makes clear that the IACA is Jeffers' exclusive statutory remedy. Thus, his FTCA claim fails as a matter of law and this case must be dismissed for lack of subject matter jurisdiction and/or failure to state a claim upon which relief may be granted.

---

26, 2017) (finding that inmate's injuries suffered as a student in a vocational class at the prison were not "work-related" injuries compensable by the IACA), *and Grimm v. United States,* No. 3:18-CV-00431-JR, 2019 WL 2296726, at *3 (D. Or. Apr. 25, 2019), *report and recommendation adopted,* No. 3:18-CV-00431-JR, 2019 WL 2291464 (D. Or. May 29, 2019) (finding that inmate's participation in prison apprenticeship program was work-related within the meaning of the IACA because inmate was paid, had defined work hours and responsibilities, and was not allowed to work on personal projects in the woodshop). *See also Cordoba v. Morrison,* 155 F. App'x 933, 934 (8th Cir. 2005) (IACA exclusive remedy for inmate injured as a result of defendants' negligent failure to train him to use certain machinery safely during his UNICOR employment).

[5] Jeffers states in his response to the USA's motion to dismiss that the Court has personal jurisdiction over Warden Hendrix. Doc. No. 12 at 7. However, Hendrix is not a defendant in this case, and the USA is the only proper defendant in an FTCA case. *See* 28 U.S.C. § 1346(b)(1); *Duncan v. Dept. of Labor,* 313 F.3d 445, 447 (8th Cir. 2002). Furthermore, Jeffers did not allege in his original complaint that Warden Hendrix was involved in the events that gave rise to his complaint.

## V.  Conclusion

The defendants' motion to dismiss (Doc. No. 9) should be granted.  Jeffers should be afforded 30 days to file an amended complaint setting forth any other claims he may have; if he does not timely do so, this case should be dismissed without prejudice.

IT IS SO RECOMMENDED this 9th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE